UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **PATRICK HANLON, individually and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**SOUTHEAST LINEN ASSOCIATES, INC. d/b/a Blockbuster Linen Service; MARLON MEDLOCK; and EARL DELBRIDGE,**<br><br>**Defendants.** | Civil Action No. _____ |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Patrick Hanlon, individually and on behalf of all others similarly situated who consent to their inclusion in a collective action, brings this Complaint against Southeast Linen Associates, Inc., d/b/a Blockbuster Linen Service, Marlon Medlock, and Earl Delbridge, for due but unpaid overtime wages, showing the Court as follows:

**INTRODUCTION**

1.

In this Fair Labor Standards Act action, 29 U.S.C. § 201 *et seq.*, Plaintiff Hanlon seeks to recover unpaid overtime wages from his former employers,

Southeast Linen Associates, Inc. d/b/a Blockbuster Linen Service, Marlon Medlock, and Earl Delbridge. Plaintiff worked for Defendants as a commercial laundry worker at its Suwannee, Georgia facility. Plaintiff and other Blockbuster laundry workers are similarly situated in that they all performed similar and often overlapping duties, all were paid on an hourly basis, all frequently worked in excess of 40 hours per week, all reported their hours worked to Blockbuster in the same manner, all were non-exempt employees, and all were denied their full overtime wages by defendants through the same unlawful scheme. Specifically, Defendants truncated the hours worked and reported by Plaintiff and other Blockbuster laundry workers, resulting in multiple underpayments of overtime wages.

2.

Plaintiff Hanlon ask this Court to certify a class of similarly situated employees, to wit: "All current and former employees of Southeast Linen Associates, Inc., d/b/a Blockbuster Linen Service, who worked at its Suwannee, Georgia facility in the Soil Department, Washing Department, Production Department, and Loading Department, who were paid on an hourly basis, who, since [three years prior to the date this action was filed], who were not paid all earned overtime premiums required under the Fair Labor Standards Act, and who consent in writing to their inclusion in a collective action."

3.

Plaintiff Hanlon's Consent to Serve as a Plaintiff Representative in this FLSA Action is filed herewith as Exhibit "A."

**PARTIES, JURISDICTION, AND VENUE**

4.

The subject matter jurisdiction of this Court is proper pursuant to Article III, § 2 of the United States Constitution, 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, as this case arises under the FLSA, a federal statute which affects interstate commerce.

5.

Plaintiff Hanlon is a natural person residing in Gwinnett County, Georgia.

6.

Southeast Linen Associates, Inc. d/b/a Blockbuster Linen Service (hereinafter "Blockbuster") is a domestic corporation existing under the laws of the State of Georgia.

7.

Blockbuster may be served with process via service on its registered agent for service, Fred L. Turner, 15 North Lafayette Square, LaGrange, Georgia 30240.

8.

This Court has personal jurisdiction over Townsend Inc. because its principal place of business is located within the Northern District of Georgia and it regularly conducts business and offers its services within this District.

9.

Marlon Medlock is an individual residing in Snellville, Gwinnett County, Georgia.

10.

Medlock may be served with process at his residence in Snellville, Georgia, or wherever he may be found.

11.

This Court has personal jurisdiction over Townsend LLC because it regularly conducts business and offers its services within the Northern District of Georgia.

12.

Earl Delbridge is an individual residing in McDonough, Henry County, Georgia.

13.

Delbridge may be served with process at his residence in McDonough, Georgia, or wherever he may be found.

14.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because a substantial portion of the events giving rise to the claims herein arose in this judicial district.

**EMPLOYMENT RELATIONSHIP**

15.

Blockbuster is engaged in the business of providing linens (e.g., napkins, tablecloths, aprons, kitchen towels, kitchen mats, and embroidered chef wear) on a rental basis to high-end commercial customers such as country clubs and fine dining establishments.

16.

Blockbuster's offices are located in Suwannee, Georgia, and Blockbuster provides services throughout the Metro Atlanta area.

17.

Blockbuster has engaged in the same business activities throughout the three years prior to the filing of this complaint (hereinafter "the Relevant Time Period").

18.

Blockbuster's linen sorting, cleaning, packing, and loading services are performed by laundry workers in the Soil Department, Washing Department, Production Department, and Loading Department, respectively.

19.

Blockbuster's laundry workers were typically assigned primarily to a single department, but could transfer between departments or pick up extra shifts in other departments.

20.

Plaintiff Hanlon worked for Blockbuster as a laundry worker from December 4, 2016 to January 12, 2017.

21.

In his position as a laundry worker, Plaintiff worked primarily in the Soil Department, but also worked several shifts in the Loading Department.

22.

During the Relevant Time Period, Plaintiff was an "employee" of Blockbuster within the meaning of 29 U.S.C. § 203(e)(1).

**INDIVIDUAL EMPLOYER ALLEGATIONS**

23.

During the Relevant Time Period, Defendant Delbridge was employed by Blockbuster as General Manager of its Suwanee, Georgia facility.

24.

During the Relevant Time Period, Delbridge had managerial authority over Plaintiff and all other Blockbuster laundry workers.

25.

During the Relevant Time Period, Delbridge controlled the terms of Plaintiff's employment and the employment of all other Blockbuster laundry workers, include pay rates and hours.

26.

During the Relevant Time Period, Delbridge had authority to hire and fire Plaintiff and all other Blockbuster laundry workers.

27.

During the Relevant Time Period, Delbridge was an "employer" of Plaintiff and all other Blockbuster laundry workers within the meaning of 29 U.S.C. § 203(d).

28.

During the Relevant Time Period, Defendant Medlock was employed by Blockbuster as Plant Manager of its Suwanee, Georgia facility.

29.

During the Relevant Time Period, Medlock had managerial authority over Plaintiff and all other Blockbuster laundry workers.

30.

During the Relevant Time Period, Medlock controlled the terms of Plaintiff's employment and the employment of all other Blockbuster laundry workers, include pay rates and hours.

31.

During the Relevant Time Period, Medlock had authority to hire and fire Plaintiff and all other Blockbuster laundry workers.

32.

During the Relevant Time Period, Medlock was an "employer" of Plaintiff and all other Blockbuster laundry workers within the meaning of 29 U.S.C. § 203(d).

**ENTERPRISE COVERAGE ALLEGATIONS**

33.

Throughout the Relevant Time Period, Blockbuster employees regularly handled goods or materials that moved through commerce for Blockbuster's business purpose, including but not limited to computers, cleaning supplies, and industrial laundry equipment.

34.

During 2014, Blockbuster had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

35.

During 2014, Blockbuster had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

36.

During 2014, Blockbuster was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1).

37.

During 2015, Blockbuster had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

38.

During 2015, Blockbuster had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

39.

During 2015, Blockbuster was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1).

40.

During 2016, Blockbuster had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." 29 U.S.C. § 203(s)(1)(A).

41.

During 2016, Blockbuster had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

42.

During 2016, Blockbuster was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1).

43.

During 2017, Blockbuster had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

44.

During 2017, Blockbuster will have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

45.

During 2017 and to the present, Blockbuster is an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1).

46.

At all times during the Relevant Time Period, Blockbuster was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1).

**NON-EXEMPT EMPLOYEE UNDER THE FLSA**

47.

During the Relevant Time Period, Plaintiff was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

48.

During the Relevant Time Period, Blockbuster did not employ Plaintiff in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

49.

During the Relevant Time Period, Blockbuster did not employ Plaintiff in a bona fide administrative capacity within the meaning of 29 USC § 213(a).

50.

During the Relevant Time Period, Blockbuster did not employ Plaintiff in a bona fide executive capacity within the meaning of 29 USC § 213(a).

51.

During the Relevant Time Period, Blockbuster did not employ Plaintiff on a salary basis of at least $455 per week.

52.

During the Relevant Time Period, Blockbuster paid Plaintiff on an hourly basis.

53.

During the Relevant Time Period, Blockbuster classified Plaintiff as FLSA not-exempt employees.

54.

During the Relevant Time Period, all hourly paid laundry workers were paid on an hourly basis.

55.

During the Relevant Time Period, all hourly paid laundry workers reported their hours to Blockbuster in the same manner.

56.

During the Relevant Time Period, hourly paid laundry workers often worked more than forty hours in a given workweek.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES PURSUANT TO 29 U.S.C. § 207

57.

The allegations in paragraphs 1 through 55 are incorporated by reference as if fully set out in this paragraph.

58.

During the Relevant Time Period, Plaintiff was an FLSA non-exempt employee and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

59.

Plaintiff worked for Blockbuster in excess of 40 hours per week during multiple workweeks throughout his employment, working overtime hours during every other workweek, on average.

60.

Defendants failed to pay Plaintiff at one-and-one-half times his regular rate of pay for work in excess of 40 hours in each relevant workweek.

61.

Upon information and belief, in failing or refusing to pay Plaintiff and other laundry workers overtime wages as required by the FLSA, Defendants have not relied on any letter ruling from the Department of Labor indicating that laundry workers were subject to any exemption from the overtime pay provisions of the FLSA.

62.

Upon information and belief, in failing or refusing to pay Plaintiff and other laundry workers overtime wages as required by the FLSA, Defendants have not

relied on any legal advice indicating that laundry workers were subject to any exemption from the overtime pay provisions of the FLSA.

63.

Defendants' failure to pay Plaintiff all required overtime premiums was willful.

64.

Plaintiff is entitled to payment of overtime wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

65.

Plaintiff is entitled to liquidated damages in an amount equal to his unpaid overtime wages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

66.

Plaintiff is entitled to his litigation costs, including his reasonable attorney's fees, in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

### COUNT II
### COLLECTIVE ACTION ALLEGATIONS

67.

The allegations in paragraphs 1 through 55 are incorporated by reference as if fully set out in this paragraph.

68.

At all times since at least the beginning of the Relevant Time Period, Defendants have violated 29 U.S.C. § 207 by failing to pay all earned overtime wages to the members of the collective that Plaintiff seeks to represent.

69.

At all times since at least the beginning of the Relevant Time Period, Defendants have violated 29 U.S.C. § 207 by failing to pay overtime wages to the members of the collective Plaintiff seeks to represent in the same manner as alleged above with respect to Plaintiff (i.e., truncation of hours worked and reported by laundry workers).

70.

All laundry workers who have worked for Blockbuster since the beginning of the Relevant Time Period and who were not paid all earned overtime premiums required under the Fair Labor Standards Act are "similarly situated" in that they all performed similar and often overlapping duties, all were paid on an hourly basis, all reported their hours to Blockbuster in the same manner, all were non-exempt employees, all frequently worked in excess of 40 hours per workweek, and all were denied their full overtime wages by Defendants through the same unlawful scheme.

71.

Defendants are liable pursuant to 29 U.S.C. § 201 *et seq.* to all individuals similarly situated to Plaintiff for unpaid overtime wages, liquidated damages, attorney's fees and costs of litigation, and for other such equitable and legal relief that this Court finds proper.

72.

The proposed collective of individuals similarly situated to Plaintiffs should be defined as "All current and former employees of Southeast Linen Associates, Inc., d/b/a Blockbuster Linen Service, who worked at its Suwannee, Georgia facility in the Soil Department, Washing Department, Production Department, and Loading Department, who were paid on an hourly basis, who, since [three years prior to the date this action was filed], who were not paid all earned overtime premiums required under the Fair Labor Standards Act, and who consent in writing to their inclusion in a collective action."

73.

All such individuals similarly situated to Plaintiff would benefit from the issuance of a Court supervised Notice of Present Lawsuit and opportunity to consent in writing to their inclusion as plaintiffs in this lawsuit pursuant to 29 U.S.C. § 216(b).

74.

All such individuals similarly situated to Plaintiff are known to Defendants, are readily identifiable, and can be located through the records of Blockbuster.

WHEREFORE, Plaintiffs respectfully pray that the Court:
    a. Take jurisdiction of this matter;
    b. Grant a trial by jury as to all matters properly triable to a jury;

c. Award Plaintiff and the members of the collective he seeks to represent their due but unpaid overtime wages under the FLSA in an amount to be determined at trial against Defendants, plus additional like amounts in liquidated damages;

d. Permanently enjoin Defendants from violating the overtime provisions of the FLSA;

e. Award Plaintiff his costs of litigation, including reasonable attorney's fees from Defendants;

f. Issue a Notice of Present Lawsuit to all individuals similarly situated to Plaintiff, allowing all such similarly-situated individuals to file their written consent to join this action as Plaintiff;

g. Award all such individuals who "opt in" to this lawsuit their unpaid overtime wages, liquidated damages, and costs of litigation and reasonable attorney's fees from Townsend;

h. Award Plaintiff prejudgment interest on all amounts owed to the extent that liquidated damages are not awarded;

i. Award Plaintiff nominal damages;

j. Award any and such other further relief this Court deems just, equitable, and proper.

This 9th day of June 2017.

                                      Respectfully submitted,

                                      **DELONG, CALDWELL, BRIDGERS, FITZPATRICK & BENJAMIN, LLC**

| | |
|---|---|
| | */s/ Charles R. Bridgers* |
| 3100 Centennial Tower | Charles R. Bridgers |
| 101 Marietta Street | Ga. Bar No. 080791 |
| Atlanta, Georgia 30303 | |
| (404) 979-3171 | */s/ Matthew W. Herrington* |
| (404) 979-3170 (f) | Matthew W. Herrington |
| charlesbridgers@dcbflegal.com | Ga. Bar No. 275411 |
| matthew.herrington@dcbflegal.com | |
| | **Counsel for Plaintiffs** |