IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| PATRICK HANLON, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action File No. 1:17-cv-02128-WSD |
| SOUTHEAST LINEN ASSOCIATES, INC. d/b/a BLOCKBUSTER LINEN SERVICE, MARLON MEDLOCK, and EARL DELBRIDGE, | ) ) ) ) ) | |
| Defendants. | ) | |

**JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT
AND DISMISSAL WITH PREJUDICE**

## I.    Introduction

This case was filed on June 9, 2017 by Patrick Hanlon ("Hanlon") under the Fair Labor Standards Act (the "FLSA"). (Court File No. 1). On June 15, 2017, Stephen Robinson ("Robinson" and together with Hanlon, the "Plaintiffs") filed a consent to join this action. (Court File No. 5). This case has not been certified as a collective action under the FLSA.

The Plaintiffs and Defendant Southeast Linen Associates, Inc. ("SE Linen") have entered into a written settlement agreement (the "Settlement Agreement") through which the Plaintiffs have released their claims against SE Linen and the other named Defendants in this action – Marlon Medlock and Earl Delbridge.[1] The Plaintiffs and SE Linen hereby jointly move the Court to approve the terms of the Settlement Agreement and dismiss this case with prejudice as to the FLSA claims of the Plaintiffs.

## II.   Legal Principles

Pursuant to the case law regarding the settlement of FLSA claims, there are two ways in which an overtime claim under the FLSA can be settled and released by employees. First, section 216(c) of the FLSA allows an employee to settle and waive his or her overtime claim under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c) of the FLSA; *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the District Court

---

[1] Neither Mr. Medlock nor Mr. Delbridge has made an appearance in this case. They are, however, released parties under the Settlement Agreement.

with a proposed settlement, and the District Court enters a stipulated judgment approving the fairness of the settlement. *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S. Ct. 925, 928 n. 8, 90 L. Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960,961 (5th Cir. 1947).

In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the District Court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Settlement Agreement to resolve and release the Plaintiffs' FLSA claims. The proposed settlement arises out of an action that is adversarial in nature. During the litigation and settlement of this action, the Plaintiffs were represented by experienced counsel.

### III. <u>Disputed Issues Under the FLSA</u>

The instant action involves disputed issues regarding the payment of overtime compensation under the FLSA. The Plaintiffs worked as laundry workers. They were treated as non-exempt employees and paid overtime compensation during their employment with SE Linen.[2] There is a dispute, however, as to the number of hours worked by the Plaintiffs and whether they were paid all of the overtime compensation to which they were entitled under the FLSA.

### IV. <u>Settlement Efforts</u>

The Plaintiffs and SE Linen agree that their settlement reflects a reasonable compromise of the disputed issues. Counsel for the Plaintiffs and SE Linen discussed the disputed factual and legal issues over the phone and over email. SE Linen provided the Plaintiffs' counsel the Plaintiffs' time records and pay stubs for the entirety of their employment relationship with SE Linen. The Plaintiffs and SE Linen, through their attorneys, voluntarily agreed to the terms of the Settlement Agreement. The Plaintiffs were counseled and represented by their attorneys throughout the litigation and settlement process.

---

[2] SE Linen maintains that the Plaintiffs were employed by a subsidiary of SE Linen. For the sake of convenience, however, SE Linen is referred to herein as the Plaintiffs' employer.

As with litigation where fee shifting is required, SE Linen and the Plaintiffs were cognizant that litigation can be time consuming and very expensive. If settlement was not reached at this time, numerous depositions would have needed to be taken, dispositive motions would likely have been filed, and significant delay in resolution of this dispute would ensue.

SE Linen and the Plaintiffs disagree as to the merits of this case. The Plaintiffs and their counsel believe that disputed issues of fact likely would permit this case to go to trial and that the Plaintiffs' testimony and other evidence of liability will be credited by a jury. SE Linen disagrees and contends that it would prevail at summary judgment or at trial. Thus, substantial uncertainties and risks existed for the parties and was a significant catalyst to serious settlement negotiations.

Beyond this, SE Linen and the Plaintiffs had access to virtually all of the time, pay, and external records that were ever going to be available while making their estimates of damages. This resolution is certainly within the range of the evidence. Therefore, any further litigation or discovery would not provide the Plaintiffs with any certain additional benefit because the settlement provides for almost all the damages that the Plaintiffs could have proven at trial. In sum, SE Linen, the Plaintiffs, and their respective counsel prudently attempted to devote their resources towards settlement, rather than continued litigation.

## V. Summary of the Settlement

A fully executed copy of the Settlement Agreement is attached as "Exhibit A" hereto.

### A. Back Wages and Liquidated Damages

#### 1. Hanlon

Hanlon worked for SE Linen from December 4, 2016 to January 21, 2017 at a regular hourly rate of $9.00 (and thus an overtime rate of $13.50). Pursuant to the Settlement Agreement, SE Linen will pay Hanlon $350 in back wages. That amounts to approximately 26 hours of overtime. Pursuant to the Settlement Agreement, SE Linen will also pay Hanlon $350 in liquidated damages under the FLSA. After reviewing the records and consulting with Hanlon, the Plaintiffs' counsel believes that the settlement payment is roughly equivalent to the amount Hanlon could recover at trial and is certainly within the range of the evidence.

#### 2. Robinson

Robinson worked for SE Linen from August 25, 2016 to January 5, 2017 at a regular hourly rate of $8.50 (and thus an overtime rate of $12.75). Pursuant to the Settlement Agreement, SE Linen will pay Robinson $900 in back wages. That amounts to approximately 70 hours of overtime. Pursuant to the Settlement Agreement, SE Linen will also pay Robinson $900 in liquidated damages under the

FLSA. As with Hanlon, the Plaintiffs' counsel believes that the settlement payment is roughly equivalent to the amount Robinson could recover at trial and is certainly within the range of the evidence.

### B. <u>Attorneys' Fees and Costs[3]</u>

Pursuant to the Settlement Agreement, SE Linen will pay the Plaintiffs' counsel $8,000.00 in fees and costs under the FLSA. To date, the Plaintiffs' counsel has accrued approximately $8,500.00 in actual fees and costs for the claims they pursued for the Plaintiffs. While the Plaintiffs' counsel raised their rates on January 1, 2018 to $425 for all partners (up from $400); $325 for associate Matthew Herrington (up from $275); $165 for senior paralegal Jessica Sorrenti (up from $145), and $125 for paralegal Sarah Toenes (up from $105), to facilitate settlement the Plaintiffs' counsel agreed to cap their fees as calculated at their older rates, which have been approved by this Court as reasonable on numerous occasions.[4] As the Court is aware, a lodestar analysis for fees under the FLSA is

---

[3] For purposes of this motion, SE Linen does not object to the assertions made herein by the Plaintiffs' counsel related to its fees and the reasonableness thereof.

[4] See *Forester v. Mdpons, et.al.*, Northern District of Georgia, civil action 1:15-cv-03378-ELR (Dkt.47, p.11); *Obertein, et.al. v. Assured & Associates, et.al.*, Civil Action No. 1:14-cv-00490-AT, Dkt. 100 (05/04/17); *Miller v. Rockdale County*, 1:16-cv-04149-WSD (Dkt. 12, p.4) ("The Court also finds the amount of attorneys' fees and costs to be paid by Defendant to Plaintiff's counsel is reasonable in view

typical, and these amounts are reasonable given the timely results obtained in this case.

## VI. Conclusion

For the foregoing reasons, the Plaintiffs and SE Linen jointly and respectfully request that the Court approve the terms of the Settlement Agreement, and, upon approval of the same, dismiss this case with prejudice as to the FLSA claims of Hanlon and Robinson. A proposed Order is attached for the Court's convenience as "Exhibit B."

Respectfully submitted, this 9th day of February 2018.

                                        **DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC**

                                      By: */s/Matthew W. Herrington*
                                           Charles R. Bridgers
                                           Georgia Bar No. 080791
                                           Matthew W. Herrington
                                           Georgia Bar No. 275411

                                      3100 Centennial Tower
                                      101 Marietta Street

---

of the results obtained and the customary fee for similar legal services provided in the Atlanta market. . . . . The Court notes that multiple courts have approved the requested hourly rates of $400 per hour for attorneys Mitchell D. Benjamin and Charles R. Bridgers, as well as the rates of $145 per hour for paralegal Jessica Sorrenti and $105 per hour for paralegal Sarah Toenes, as detailed in the declarations of counsel.").

Atlanta, GA 30303
(404) 979-3150 Telephone
(404) 979-3170 Facsimile
charlesbridgers@dcbflegal.com
matthew.herrington@dcbflegal.com

*Counsel for Plaintiffs*

**MILLER & MARTIN, PLLC**

By: */s/James P. Daniel*
　　Christopher E. Parker
　　Georgia Bar No. 562152
　　James P. Daniel
　　Georgia Bar No. 204115

1180 Peachtree Street, N.W.
Suite 2100
Atlanta, GA 30309-3407
(404) 962-6100 Telephone
(404) 962-6300 Facsimile
Chris.Parker@millermartin.com
Jimmy.Daniel@millermartin.com

*Counsel for Defendant Southeast Linen Associates, Inc.*